UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-21021-CIV-UNGARO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SUSAN BRAUN,

        Defendant.

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND DEFAULT FINAL JUDGMENT [D.E. 31] AND MEMORANDUM OF POINTS, ET AL [D.E 32]

COMES NOW the Plaintiff, UNITED STATES OF AMERICA, by and through the undersigned attorney, and files this its Response in Opposition to Defendant's Motion to Set Aside Default and Default Final Judgment [D.E. 31] and Memorandum of Points and Authorities, Declaration, and Exhibits in Support of Motion to Set Aside Default and Default Judgment Pursuant to Fed. R. Civ. P. 60(b) [D.E. 32], and states as follows:

1. The Defendant, SUSAN BRAUN, filed a Motion to Set Aside Default and the Default Final Judgment [D.E. 31] and a Memorandum of Points and Authorities, Declaration, and Exhibits in Support of Motion to Set Aside Default and Default Judgment Pursuant to Fed. R. Civ. P. 60(b) [D.E. 32].

2. There is no legal basis to grant the Defendant's motion and same should be denied as set forth below.

UNITED STATES OF AMERICA vs. SUSAN BRAUN
Case No.: 16-21021-CIV-UNGARO
Page Two

## Background

3. On November 26, 2014, the U.S. Department of Justice mailed the Defendant two letters (one regarding each of her accounts) advising her of the debt they are trying to collect and informing her that her case has been referred to the United States Attorney's Office / Florida-Southern Private Counsel Office NEWMAN & MARQUEZ, P.A. to initiate legal action against her and obtain a judgment. Copies of the two letters from the U.S. Department of Justice are attached hereto as Composite Exhibit "A".

4. On December 12, 2014, the undersigned counsel's office mailed the Defendant a first demand letter and spoke with the Defendant.

5. In response to the phone conversation with the Defendant on December 12, 2014, on December 13, 2014, the undersigned counsel's office mailed the Defendant a Loan Discharge Application: False Certification (Unauthorized Signature / Unauthorized Payment). The Defendant did not complete same.

6. The undersigned counsel confirmed with the U.S. Department of Education that no loan discharge application had been received from the Defendant, and on February 10, 2015, the undersigned counsel mailed the Defendant a letter, providing her with copies of the promissory notes. The Defendant did not respond to this letter.

7. On March 4, 2015, the undersigned counsel's office mailed the Defendant a final demand letter.

8. On March 13, 2015, the undersigned counsel's office received a letter from the Defendant stating she has never denied that she borrowed the money, but that she wants to resolve this matter with the U.S. Department of Education directly, and that she had tried to pay off these debts sixteen years ago and it seems the money was not properly applied. A copy of the Defendant's letter is attached hereto as Exhibit "B". The letter also states that the U.S. Department of

UNITED STATES OF AMERICA vs. SUSAN BRAUN
Case No.: 16-21021-CIV-UNGARO
Page Three

Education informed her that if a forgery was confirmed, the loans would be discharged. <u>See</u> Exhibit "B".

9. The undersigned counsel personally called the Defendant on March 18, 2015, but a recording answered. Thereafter, on the same date, the undersigned counsel mailed a letter to the Defendant responding to her letter and providing her with another copy of the Loan Discharge Application: False Certification (Unauthorized Signature / Unauthorized Payment). The Defendant did not respond to this letter.

10. On May 6, 2015, the undersigned counsel's office again called the Defendant and a recording answered.

11. On March 20, 2016, a lawsuit was filed against the Defendant to recover two defaulted, federally guaranteed student loans.

12. The Defendant was properly served with process [D.E. 8] on April 12, 2016.

13. After the Defendant was served, the undersigned counsel's office was contacted by attorney Robert B. Bernstein, Esq. at Eaton & Van Winkle LLP in New York, N.Y. requesting an extension of time to respond to the Complaint. The undersigned counsel agreed to a twenty (20) day extension of time - provided opposing counsel file a Notice of Appearance and an Unopposed Motion for Extension of Time. No such filings were made despite the undersigned counsel contacting attorney Bernstein and following up with him regarding same.

14. The Defendant's Answer was due on or before April 27, 2016. No pleadings of any kind were filed by the Defendant or her counsel.

15. On April 28, 2016, the undersigned counsel filed a Motion for Clerk's Default [D.E. 9].

16. A Clerk's Default [D.E. 10] was entered on April 29, 2016.

17. The undersigned counsel mailed the Defendant a copy of the Clerk's Default [D.E. 11] on May 2, 2016.

UNITED STATES OF AMERICA vs. SUSAN BRAUN
Case No.: 16-21021-CIV-UNGARO
Page Four

18. On May 2, 2016, the Plaintiff also filed a Motion for Default Judgment [D.E. 12].

19. On May 3, 2016, the Defendant moved to deny entry of Default Judgment [D.E. 13].

20. The Court entered an Order [D.E. 14] denying the Defendant's motion; and, on May 9, 2016, a Default Final Judgment [D.E. 19], a copy of which is attached hereto as Exhibit "C", was entered in favor of the Plaintiff.

## Legal Standard

21. Fed. R. Civ. P. 60 provides that there are two ways to obtain relief from a judgment: (1) in order to correct a clerical mistake, oversight, or admission and (2) for one of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Any Motion made upon the foregoing six grounds must be made within a reasonable time. See Rule 60(c)(1).

UNITED STATES OF AMERICA vs. SUSAN BRAUN
Case No.: 16-21021-CIV-UNGARO
Page Five

22. The Defendant's Motion does not argue any clerical mistake, oversight, or admission. The Defendant's Motion does not allege newly discovered evidence, that the judgment is void, or that the judgment has been satisfied. The Defendant's Motion does allege the other prongs. The undersigned will address each of the Defendant's arguments below.

**Mistake, Inadvertence, Surprise, or Excusable Neglect**

23. The Defendant has had actual notice that the government intended to file a lawsuit against her since November 26, 2014. See Composite Exhibit "A".

24. The Defendant was properly served with the lawsuit and promptly secured legal counsel. See a copy of the email from Mr. Bernstein wherein he states that he will "represent Susan Braun in the above-captioned matter" and that he has been "retained in this matter", attached hereto as Exhibit "D".

25. The Defendant, or her counsel, could have filed an Answer or an Unopposed Motion for Extension of Time. They chose not to do so.

26. The Defendant was served on April 6, 2016. The Defendant's Answer was due on or before April 27, 2016. The Motions at issue before the Court [D.E. 31 and D.E. 32] were not docketed until July 11, 2016. The Defendant did not timely file an Answer or even file a Motion to Set Aside the Default within a reasonable amount of time of her counsel's family emergency which coincided with the Defendant's April 27, 2016 Answer due date. On May 4, 2016, the Court entered an Order [D.E. 14], which informed the Defendant that she could file a timely motion under Fed. R. Civ. P. 60(b) to seek relief. Any mistake, surprise, or excusable neglect resulting from the Defendant's original attorney's failure to file a pleading due to a family emergency did not last more than a few days.

UNITED STATES OF AMERICA vs. SUSAN BRAUN
Case No.: 16-21021-CIV-UNGARO
Page Six

27. On May 4, 2016, the Court informed the Defendant of her Fed. R. Civ. P. 60(b) rights. Assuming, *arguendo,* that the Defendant's attorney's (who is apparently not admitted to practice in Florida) family emergency constituted excusable neglect, the Defendant failed to file a Motion to Set Aside the Judgment in a timely manner. **The Defendant failed to file such a Motion during the entire month of May, the entire month of June, and the first week and a half of July. The Defendant has failed to explain this delay.**

**Fraud**

28. The Defendant alleges "The forged signature on the consolidation form is fraud."

29. **There is no consolidation loan at issue in this case.** The consolidation loan the Defendant is referencing was canceled and is not at issue in this case. The two underlying loans (a SLS loan and a FFEL loan) were not discharged, forgiven, or zeroed out. Upon cancellation of the consolidation, the two underlying loans remained the Defendant's obligation. The Plaintiff's lawsuit is on these two underlying loans.

30. If the Defendant believes the loans at issue in this case are a result of fraud, she has administrative remedies. **The Defendant has not exhausted her administrative remedies** as she has not completed a Loan Discharge Application: False Certification (Unauthorized Signature / Unauthorized Payment). The United States Supreme Court describes the necessity of completing the administrative process before seeking judicial review: "By requiring exhaustion of administrative processes the courts are assured of reviewing only final agency decisions arrived at after considered judgment." Moore v. East Cleveland, 431 U.S. 494, 525 (1977). Under 34 C.F.R. Section 682.402(e)(7)(iii)(B)(2), "[i]f the agency denies the request for discharge, a borrower may appeal directly to the secretary." Haddad v. Dominican University, No. 06 C 0506, 2007 WL 809685, at *3 (N.D. Ill. Mar. 15, 2007). As the Defendant has failed to exhaust her administrative remedies, she should not be permitted to raise this issue before this Court.

UNITED STATES OF AMERICA vs. SUSAN BRAUN
Case No.: 16-21021-CIV-UNGARO
Page Seven

31. If the Defendant wishes to utilize her administrative remedies in the future, same are still available to her even after entry of a judgment. See United States v. White, No. 5:08-CV-34-F. Supp. 2d 593, 598 (W.D.N.C. 2000).

32. Even if the Defendant's administrative remedies were exhausted, the Defendant's claim that the two loans at issue in this case are a result of fraud are contradicted by her words and actions including, but not limited to, the following:

> (a) The Defendant's letter dated March 11, 2015, which states: "I have never denied that I had borrowed the money." See Exhibit "B".
>
> (b) The Defendant's Memorandum of Points and Authorities, Declaration, and Exhibits in Support of Motion to Set Aside Default and Default Judgment Pursuant to Fed. R. Civ. P. 60(b) admits that the Defendant executed the two promissory notes at issue in this case [D.E. 32, page 2, paragraph number 2].

**Meritorious Defense**

33. A Default may be set aside for good cause. See Fed. R. Civ. P. 55 (c). In determining whether a party has shown good cause sufficient to justify setting aside a default, courts consider whether the defaulting party presents a meritorious defense. See Compania Interamericana Expert-Import, S.A. v. Compania Dominicana de Aviation, 88 F.3d 948, 951 (11th Cir. 1996) (citation omitted).

34. The Defendant's claim of fraud does not constitute a legal basis sufficient to obtain relief from judgment under Fed. R. Civ. P. 60 as her claim is contradicted by her own words and actions above. Therefore, the Defendant's claim is not ripe for review by this Court as the Defendant has failed to exhaust her administrative remedies.

UNITED STATES OF AMERICA vs. SUSAN BRAUN
Case No.: 16-21021-CIV-UNGARO
Page Eight

**Interest and collection fees**

35. The Defendant is legally responsible for pre-judgment interest under the terms of the promissory note. §682.209 Repayment of a loan. (b) *Payment application and prepayment.* (1) Except in the case of payments made under an income-based repayment plan, the lender may credit the entire payment amount first to any late charges accrued or collection costs and then to any outstanding interest and then to outstanding principal. The Defendant is legally responsible for post-judgment interest pursuant to 28 U.S.C. Section 1961.

**An Accounting of the Debt**

36. Contrary to the Defendant's allegations, the Defendant has been provided with financial information regarding this debt - from the Certificates of Indebtedness attached to the Complaint, to the letters and emails that the undersigned counsel has sent to the Defendant. The undersigned counsel mailed a letter to the Defendant dated June 22, 2016 with a financial transaction printout enclosed showing how the specific payments were applied to her account. A copy of said letter is attached hereto as Exhibit "E".

### Conclusion

The Defendant's claim that she has a meritorious defense, fraud, does not constitute a legal basis sufficient to obtain relief from judgment under Fed. R. Civ. P. 60 as her claim, which is contradicted by her own words and actions above, is not ripe for review by this Court as the Defendant has failed to exhaust her administrative remedies. Moreover, the Defendant has failed to file a Motion to Set Aside the Judgment in a timely manner. The Defendant failed to file such a Motion during the entire months of May and June, and the first week and a half of July. There is no legal basis to grant the Defendant's motion and same should be denied.

UNITED STATES OF AMERICA vs. SUSAN BRAUN
Case No.: 16-21021-CIV-UNGARO
Page Nine

WHEREFORE Plaintiff prays this Honorable Court deny the Defendant's Motion to Set Aside Default and the Default Final Judgment.

Respectfully submitted,

Dated: August 12, 2016
Miami, Florida

By:_____
Jennifer Margolis Marquez
Email: jmarquez@newmanmarquezpa.com
Florida Bar No.: 0770701
NEWMAN & MARQUEZ, P.A.
1533 Sunset Dr., Suite 225
Coral Gables, FL 33143
Telephone: (305) 665-9633
Facsimile: (305) 666-9714
Attorneys for the Plaintiff

UNITED STATES OF AMERICA vs. SUSAN BRAUN
Case No.: 16-21021-CIV-UNGARO
Page Ten

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was electronically filed on this 12 day of August, 2016. I also certify that the forgoing is being served by U.S. Mail this 12 day of August, 2016 upon all counsel or parties of record as indicated on the attached service list.

                                                                               Jennifer Margolis Marquez
                                                                               Newman & Marquez, P.A.
                                                                               Counsel for the Plaintiff

UNITED STATES OF AMERICA vs. SUSAN BRAUN
Case No.: 16-21021-CIV-UNGARO
Page Eleven

## SERVICE LIST

SUSAN BRAUN, *pro se* Defendant
45 NW 44 STREET
MIAMI, FL 33127


Jennifer Margolis Marquez, Esq.
NEWMAN & MARQUEZ, P.A.
1533 Sunset Dr., Suite 225
Coral Gables, FL 33143
Counsel for the Plaintiff